UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERAMIAN PARNELL,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>E. ARNOLD,<br><br>　　　　　　Respondent. | No.  2:15-cv-1949 KJM CKD P (TEMP)<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the court will grant petitioner's application to proceed in forma pauperis.[1]  See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254

---

[1] Petitioner filed a motion for an extension of time to file his application to proceed in forma pauperis.  Because petitioner timely filed his application to proceed in forma pauperis, the court will deny his motion for an extension of time as unnecessary.

1

1 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695
2 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8 indicate that the court
3 may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary
4 dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the
5 answer and petition are considered; or a dismissal after consideration of the pleadings and an
6 expanded record."

## BACKGROUND

8 Petitioner commenced this action by filing a petition for a writ of habeas corpus. On his
9 form petition, petitioner states that he is serving a sentence of life without the possibility of parole
10 and that the "INSTANT PETITION CONTESTS ON-GOING CONDITIONS OF
11 CONFINEMENT." (emphasis in original) Petitioner claims, inter alia, that prison officials have
12 violated his constitutional rights by ordering him to submit to random urine analysis testing and
13 that prison officials have retaliated against him for using the grievance process to "expose" these
14 prison practices and procedures. (Pet. at 1-10 & Mem. of P. & A.)

## ANALYSIS

16 The court will recommend dismissing the instant petition because petitioner has failed to
17 state a cognizable claim for federal habeas corpus relief. Habeas corpus proceedings are the
18 proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement.
19 Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality
20 of his conviction, a parole proceeding, or other adjudication that has led to his current
21 incarceration. Rather, as petitioner acknowledges, he challenges his conditions of confinement.
22 A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of
23 his confinement. See 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).
24 Accordingly, the court should dismiss this federal habeas corpus action without prejudice to
25 petitioner filing a civil rights action.

## OTHER MATTERS

27 Petitioner has filed a request for judicial notice and a motion for a temporary restraining
28 order. In light of the findings and recommendations herein, recommending dismissal of this

2

action, the court will recommend denying these motions without prejudice to petitioner refiling them in any civil rights action he elects to file.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted; and

2. Petitioner's motion for an extension of time (ECF No. 8) is denied as unnecessary.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (ECF No. 1) be dismissed without prejudice to filing a civil rights action;

2. Petitioner's pending requests and motions (ECF Nos. 10 & 11) be denied without prejudice; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  April 7, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
parn1949.156